IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| RODNEY BREWER | ) | |
| | ) | |
| v. | ) | NO: 1:20-0015 |
| | ) | |
| TONY PARKER, et al. | ) | |

**TO:  Honorable William L. Campbell, Jr., District Judge**

### R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered March 31, 2020 (Docket Entry No. 5), this *pro se* and *in forma pauperis* civil action was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B) and Rule 72(b) of the Federal Rules of Civil Procedure.

Presently pending before the Court are separate motions to dismiss filed by Defendants Lisa Woods (Docket Entry No. 20) and Christian Berry (Docket Entry No. 21).  Plaintiff has not responded to the motions.  For the reasons set out below, the undersigned respectfully recommends that the motions be granted.

### I.  BACKGROUND

Rodney Brewer ("Plaintiff") is a former inmate of the Tennessee Department of Correction ("TDOC") who is no longer incarcerated.[1]  On March 19, 2020, he filed this lawsuit *pro se* and *in forma pauperis* against several prison officials, seeking monetary damages under 42 U.S.C. § 1983

---

[1] On June 8, 2020, Plaintiff filed a change of address notice indicating that he had been paroled.  *See* Docket Entry No. 19.

for violations of his constitutional rights alleged to have occurred during his confinement at the Turney Center Industrial Complex ("Turney Center") in 2019. *See* Complaint (Docket Entry No. 1.) Plaintiff alleges that Turney Center prison guards used excessive force against him while escorting him from his cell to a segregation cell on March 12, 2019. *Id*. at 9-10. He alleges that he suffered injuries to his shoulder, arm, and hand, including a broken thumb, as a result of the officers' actions. *Id*. Plaintiff further alleges that, from March 12-14, 2019, he received minimal and inadequate medical care from Nurse Lisa Woods ("Woods") and Nurse Practitioner Christian Berry ("Berry"), who examined him in response to his complaints and sick call requests about his injuries. *Id*. at 10-11. Plaintiff asserts that, although he was examined by Woods and Berry, had an x-ray, and was given a medical order to not use his left hand, upon being examined by a prison physician later in the summer of 2019, he was told that he would need to have surgery on this thumb to repair it because it had not been "cast, wrapped, or splinted" by the Turney Center medical staff. *Id*. at 12.

Upon initial review, the Court directed that process issue to: 1) Defendants Edward Lomax, Dustin Macklin, and Jimmie Baugus, in their individual capacities, on Plaintiff's Eighth Amendment claims for excessive force and failure to intervene and 2) Defendants Woods and Berry, in their individual capacities, on Plaintiff's Eighth Amendment inadequate medical care claim. *See* Memorandum Opinion (Docket Entry No. 4) at 7–11. The Court dismissed all other claims and defendants. *Id*. at 12.

In lieu of answers, Defendants Woods and Berry (hereinafter referred to collectively as "Defendants") filed the pending motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil

Procedure.² Although filed as separate motions, the two Defendants raise essentially the same arguments: 1) that Plaintiff's allegations fail to support a claim that they acted with deliberate indifference to Plaintiff's serious medical needs because his own allegations are that both Defendants provided a measure of medical care to Plaintiff and that his complaint about the adequacy of this care does not rise to a constitutional claim; 2) that to the extent that Plaintiff's complaint can be read to assert a medical malpractice claim under Tennessee law, the complaint does not show that Plaintiff has complied with the pre-suit requirements necessary to pursue such a claim; 3) that Plaintiff failed to exhaust his administrative remedies for his inadequate medial care claim against them, as is required by 42 U.S.C. § 1997e(a), because the grievance that he filed did not complaint about a lack of medical care or the conduct of Defendants; and, 4) that Plaintiff's claim is barred by the applicable one year statute of limitations. *See* Memorandums in Support (Docket Entry Nos. 16 and 22). In support of their motion, Defendants reply upon copies of the prison grievance forms filed by Plaintiff that are attached to his complaint as an exhibit. *See* Docket Entry No. 1 at 26-46.

By Order entered June 10, 2020 (Docket Entry No. 23), the Court gave Plaintiff an extended deadline of July 24, 2020, to file responses to the motions to dismiss, which were filed on May 29, 2020, and June 9, 2020, respectively.³ To date, Plaintiff has not responded to either motion.

---

² Although Defendants Lomax, Macklin, and Baugus were granted extensions of time until July 31, 2020, to respond to the complaint, *see* Docket Entry Nos. 26, 29, and 30, they have not yet filed answers or otherwise responded to the complaint.

³ Although Local Rule 7.01 requires Plaintiff to file a response to the motions within 14 days after the motions are filed, the Court *sua sponte* granted substantial additional time to Plaintiff to file his responses.

## II. STANDARD OF REVIEW

Defendants' motions to dismiss are reviewed under the standard that the Court must accept all of the well pleaded allegations contained in the complaint as true, resolve all doubts in Plaintiff's favor, and construe the complaint liberally in favor of the *pro se* Plaintiff. *See Kottmyer v. Maas*, 436 F.3d 684 (6th Cir. 2006); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987). However, Plaintiff must nonetheless provide factual grounds supporting his claims for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Plaintiff's factual allegations must be enough to show a plausible right to relief. *Twombly*, 550 U.S. at 555-61. The complaint must contain either direct or inferential factual allegations that are sufficient to sustain a recovery under some viable legal theory. *Id.*; *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-37 (6th Cir. 1988). To state a plausible claim for relief, the alleged facts must provide "more than a sheer possibility that a defendant has acted unlawfully." *Mik v. Federal Home Loan Mortg. Corp.*, 743 F.3d 149, 157 (6th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). The well pleaded factual allegations must "do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

## III. CONCLUSION

Defendants' motions to dismiss should be granted. First, although Plaintiff was specifically notified of the motions, given an extended response deadline, and warned of the need to respond,

he has not responded in any manner to the motions. Under Local Rule 7.01(a)(3), Plaintiff's failure to file a response indicates that there is no opposition to the motion. *See also Scott v. State of Tennessee*, 878 F.2d 382, 1989 WL 72470 at *2 (6th Cir.1989) (unpublished table decision) ("if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion.").

Second, and more importantly, review of the motions shows that the motions have merit and support dismissal of the claim against Defendants.[4] Defendants have set forth a legally sound and persuasive argument that Plaintiff's constitutional claim against them is not supported by sufficient factual allegations to state a claim for relief because Plaintiff's allegations, which state that Defendants examined Plaintiff, ordered x-rays, and issued a medial restriction notice, do not show that they acted with deliberate indifference to Plaintiff's serious medical needs, as is required for a constitutional claim. *See Estelle v. Gamble*, 429 U.S. 97, 103 (1976); *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). Defendants also raise legally sound and persuasive affirmative defenses that Plaintiff's claim was not administratively exhausted in accordance with the requirements of the Prison Litigation Reform Act, 42 U.S.C. § 1997e, prior to being bought in this lawsuit, *see Napier v. Laurel Cnty., Ky.*, 636 F.3d 218 (6th Cir. 2011), and that the claim is barred by the applicable one-year statute of limitations. *See Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005); *Merriweather v. City of Memphis*, 107 F.3d 396, 398 (6th Cir. 1997); *Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986).

---

[4] The Court acknowledges that the motions to dismiss cannot be granted simply because Plaintiff has not responded, *see Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991), and thus has examined the merits of Defendants' motions.

5

The Court finds these arguments to be legally sound and supportive of dismissal of Plaintiff's Eighth Amendment medical care claim.[5] In the absence of a response from Plaintiff that rebuts these arguments and shows why his claim should not be dismissed for the reasons argued by Defendants, it is not the duty of the Court to "abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion." *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 406 (6th Cir. 1992). *See Cunningham v. Enagic USA, Inc.*, 2016 WL 5415106 at *2 (M.D.Tenn. Sept. 28, 2016) (Sharp, J.) ("This Court is not required to develop legal theories and arguments in Plaintiff's stead in order to defeat the motion to dismiss."); *Birmingham-Jefferson Cnty. Transit Auth. v. Boatright*, 2009 WL 2601926 at *1 (M.D.Tenn. Aug. 20, 2009) (Campbell, J.) (favorably citing *Guarino* in review of motion to dismiss for which there was no response).

## RECOMMENDATION

Based on the foregoing, it is respectfully RECOMMENDED that the motions to dismiss (Docket Entry Nos. 20 and 21) be GRANTED and that Defendants Lisa Woods and Christian Berry be DISMISSED from this lawsuit.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the

---

[5] Plaintiff's pleadings do not assert a claim under state law and the Court, in its initial review of the complaint, construed the complaint as asserting only constitutional claims under 42 U.S.C. § 1983. Accordingly, the Court declines to address Defendants' arguments regarding a possible state law claim.

Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

      Respectfully submitted,

      _____
      BARBARA D. HOLMES
      United States Magistrate Judge