IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| RODNEY BREWER | ) | |
| | ) | |
| v. | ) | NO: 1:20-00015 |
| | ) | |
| TONY PARKER, et al. | ) | |

**TO:** Honorable William L. Campbell, Jr., District Judge

# REPORT AND RECOMENDATION

By Order entered March 31, 2020 (Docket Entry No. 5), this *pro se* and *in forma pauperis* civil action was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B) and Rule 72(b) of the Federal Rules of Civil Procedure.

For the reasons set out below, the undersigned respectfully recommends that this case be dismissed.

## I. BACKGROUND

Rodney Brewer ("Plaintiff") is a former inmate of the Tennessee Department of Correction ("TDOC") who is no longer incarcerated.[1] On March 19, 2020, prior to his release from incarceration, Plaintiff filed this lawsuit *pro se* and *in forma pauperis* against several prison officials, seeking monetary damages under 42 U.S.C. § 1983 for violations of his constitutional rights alleged to have occurred during his confinement in 2019. *See* Complaint (Docket Entry

---

[1] On June 8, 2020, Plaintiff filed a change of address notice indicating that he had been paroled. *See* Docket Entry No. 19.

No. 1). Specifically, Plaintiff alleged that (1) Defendants Edward Lomax, Dustin Macklin, and Jimmie Baugus violated his Eighth Amendment rights by using excessive force against him and/or failing to intervene to stop the use of excessive force and (2) Defendants Lisa Woods and Christian Berry violated his Eighth Amendment right to receive adequate medical care. *See* Memorandum Opinion (Docket Entry No. 4) at 7-11. The Court dismissed all other claims and defendants. *Id*. at 12.

By Order entered August 28, 2020 (Docket Entry No. 36), the Court granted the unopposed motions to dismiss filed by Defendants Woods and Berry and dismissed these two Defendants from the case. The Court thereafter entered a scheduling order (Docket Entry No. 40) in the case upon the filing of answers by the remaining three Defendants.

On March 26, 2021, Defendants Lomax, Macklin, and Baugus filed a motion to extend the scheduling order deadlines. *See* Docket Entry No. 41. Because the motion is based on Defendants' assertion that the case has been dormant for several months and because the docket shows that Plaintiff has made no filing in the case since filing a change of address notice in June 2020, the Court took the motion under advisement and directed Plaintiff to file a response to the motion by April 19, 2021. *See* Order entered March 26, 2021 (Docket Entry No. 41). The Court specifically advised Plaintiff that his failure to respond to the motion "shall indicate to the Court that he is no longer interested in prosecuting this case and will result in a recommendation for the dismissal of the case under Rule 41 of the Federal Rules of Civil Procedure." *Id*.

## II. DISMISSAL OF THE CASE

Rule 16(f)(1) provides that "on motion or on its own, the Court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party ... (C) fails to obey a

2

scheduling or other pretrial order." The sanctions set forth in Rule 37(b)(2) include the sanction of "dismissing the action or proceeding in whole or in part." Rule 37(b)(2)(A)(v). Further, it is well settled that federal trial courts have the inherent power to manage their own dockets, *Link v. Wabash R.R.*, 370 U.S. 626 (1961), and Rule 41(b) permits the Court to dismiss an action upon the showing of a clear record of delay, contumacious conduct, or failure to prosecute by a plaintiff. *See Bishop v. Cross*, 790 F.2d 38 (6th Cir. 1986); *Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980). The imposition of sanctions and the type of sanctions imposed are matters within the sound discretion of the court based on the facts of each particular case. *See National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639 (1976); *Regional Refuse Sys. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988).

Plaintiff's failure to comply with the Court's April 2, 2021, Order, coupled with his failure to take any steps to litigate the case in nearly a year, indicates that he has lost interest in prosecuting his case. Despite the explicit warning from the Court of the consequences of not responding to the Court's April 2, 2021, Order, Plaintiff has ignored the order.

Although the Court recognizes Plaintiff's status as a *pro se* litigant affords him with some measure of leeway in the litigation of his case, proceeding *pro se* does not relieve a litigant from the basic obligations required of all parties with respect compliance with the orders of the Court. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *Davis v. Bilbrey*, 2012 WL 2947587 (M.D. Tenn. July 19, 2012) (Haynes, J.) (*pro se* plaintiff's failure to respond to discovery requests and adhere to court imposed deadlines warranted sanction of dismissal); *Hanners v. Jones*, 2007 WL 2710694 (M.D. Tenn. Sept. 13, 2007) (Nixon, J.) (same). Additionally, Plaintiff has exhibited an unwillingness to prosecute the case. Dismissal of the case with prejudice is appropriate in light of Plaintiff's dilatory conduct, the prejudice caused to

3

Defendants by Plaintiff's failure to actively litigate the case, and the needless expenditure of resources caused by Plaintiff's conduct.

## R E C O M M E N D A T I O N

For the reasons set out above, it is respectfully RECOMMENDED that this case be DISMISSED WITH PREJUDICE pursuant to Rules 16(f)(1) and 41(b) of the Federal Rules of Civil Procedure.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge

4

Case 1:20-cv-00015  Document 43  Filed 04/21/21  Page 4 of 4 PageID #: 239